Case 5:25-cv-00180   Document 22   Filed on 11/07/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **TORNIKE MARIKHASVILI,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:25-CV-00180** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Tornike Marikhashvili's Petition for Writ of Habeas Corpus, (Dkt. 1), First Amended Complaint for Preliminary Injunctive Relief and Petition for Habeas Corpus, (Dkt. 12), and his Memorandum of Law in Support of Petitioner Tornike Marikhashvili's Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order, (Dkt. 13), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkts. 1, 12), is GRANTED IN PART.

Respondents' Response in Opposition to Petitioner's First Amended Complaint for Preliminary Injunctive Relief and Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order, (Dkt. 19), is DENIED.

Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 13), is DENIED as moot.

Additionally, after reviewing Docket Entries 10 and 11, the Court determines that the entries were filed under the incorrect case. Pursuant to the Southern District of Texas' Local Rules,

the Court may strike "any paper that does not conform to the local or federal rules or that is otherwise objectionable [.]" S.D. Tex. L.R. 11.4. Accordingly, the Court STRIKES Docket Entries 10 and 11 from the record.

Respondents are ORDERED to immediately release Mr. Marikhashvili, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **November 14, 2025.**

## BACKGROUND

This case arises out of recent changes to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. Because the Court considered these changes in detail in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025), it now provides an abbreviated background on the relevant changes.

On July 8, 2025, ICE announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 12 at 2–3.) The policy states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who are applicants for admission. (*See id*. at 2–3, 9.) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.*); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A.  Mr. Marikhashvili

Petitioner Mr. Marikhashvili ("Petitioner" or "Mr. Marikhashvili") is a citizen of Georgia who entered the United States on March 13, 2024, after fleeing his home country due to political persecution. (Dkt. 12 at 1–2, 7.) After arriving in the United States, he was processed by

immigration officials, placed in removal proceedings, and then released on his own recognizance by ICE after being provided with a Notice to Appear directing him to appear for a future immigration court hearing. (*Id.* at 2, Attach. 1.)[1] Mr. Marikhashvili subsequently began the process of seeking asylum by filing an application with the immigration court. (*Id.* at 2–3, 7.) He then moved to New York where he was living prior to his detention. (*Id.*)

On September 26, 2025, Customs and Border Protection (CBP) encountered Mr. Marikhashvili at a checkpoint near Encinal, Texas at which time he provided his Employment Authorization Document. (*Id.*) Mr. Marikhashvili was taken into custody by CBP and later transferred into ICE detention at the Webb Country Detention Center where he has remained. (*Id.*) On October 10, 2025, Mr. Marikhashvili requested a bond hearing to redetermine his custody status, but that request was denied by the immigration judge who determined that jurisdiction to review Petitioner's custody status had been stripped by *Matter of Yajure Hurtado* because Mr. Marikhashvili is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 3, 8.)

**B. Procedural Background**

On October 16, 2025, Petitioner filed for a writ of habeas corpus. (Dkt. 1). On October 24, 2025, Petitioner filed an Amended Complaint for Preliminary Injunctive Relief and Petition for Habeas Corpus along with an Emergency Motion for Temporary Restraining Order. (Dkts. 12, 13). In his Petition and Amended Complaint, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), Federal Regulations, the Due Process Clause of the Fifth Amendment, and the

---

[1] The Parties have labeled their sub-filings as "Exhibits." However, the Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Administrative Procedure Act (APA). (Dkts. 1, 12 at 12–21); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2). Mr. Marikhashvili requests that the Court order Respondents to release him or, alternatively, to provide him with a bond hearing under § 1226(a) upon the Court's order finding that his detention is unlawful. (*Id.* at 23–24.)

Mr. Marikhashvili subsequently filed a Memorandum of Law in Support Petitioner Tornike Marikhashvili's Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order in which he seeks both a preliminary injunction and a temporary restraining order based on claims in his Petition and Amended Complaint (Dkts. 13, 12.)

In response, Respondents submitted a Response in Opposition to Petitioner's First Amended Complaint for Preliminary Injunctive Relief and Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order. (Dkt. 19.)

## **Legal Standard**

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

**Discussion**

This case presents nearly identical legal questions to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). Principally, the issue is one of statutory interpretation: whether Petitioner is properly subject to detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country. (*See* Dkt. 1 at 11–13; Dkt. 12 at 8–12; Dkt. 13 at 7–13; Dkt. 19 at 6–24); *see also Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

In their Response, Respondents decline to address Mr. Marikhashvili's claims under the APA, the Due Process Clause, and Federal Regulations, and instead focus on his claim that § 1226(a) rather than § 1225(b)(2) is the appliable legal authority for his detention as a matter of statutory interpretation. (Dkt. 19 at 6–25.) Respondents argue that a plain language reading of the relevant INA provisions, the legislative history of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, developments in agency interpretation of the INA, and prior legal precedent support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (*Id.*). Many of Respondents' statutory construction arguments mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025)

and that numerous other courts across this district and across the country have considered. (*See* Dkt. 19 at 24); *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3). Because Respondents have failed to offer new controlling precedent or novel reasoning that would justify reaching a different result in this case than in prior cases, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.[2]

---

[2] Mr. Marikhashvili challenges his detention on both statutory and constitutional grounds. As in its previous treatment of the issue, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). The Court will also decline to address Mr. Marikhashvili's APA challenges given that it grants the relief requested by Petitioner based on its interpretation of the applicable statutory grounds alone.

**Conclusion**

For the foregoing reasons, Mr. Marikhashvili's Petition for Writ of Habeas Corpus, (Dkt. 1), and First Amended Complaint for Preliminary Injunctive Relief and Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 12), is GRANTED IN PART.

Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 13), is DENIED as moot.

Respondents' Response in Opposition to Petitioner's First Amended Complaint for Preliminary Injunctive Relief and Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order, (Dkt. 19), is DENIED.

Additionally, after reviewing Docket Entries 10 and 11, the Court determines that the entries were filed under the incorrect case. Pursuant to the Southern District of Texas' Local Rules, the Court may strike "any paper that does not conform to the local or federal rules or that is otherwise objectionable [.]" S.D. Tex. L.R. 11.4. Accordingly, the Court STRIKES Docket Entries 10 and 11 from the record.

The Court ORDERS that Respondents immediately release Mr. Marikhashvili from custody, or in the alternative, provide him with a bond hearing under 8 U.S.C. § 1226(a) by **November 14, 2025.**

If released, Respondents must notify Mr. Marikhashvili's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

No later than **November 17, 2025, at 5:00 P.M. Central Standard Time (CST),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Mr.

Marikhashvili's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond under 8 C.F.R. § 1003.19(i).

    IT IS SO ORDERED.

    SIGNED this November 7, 2025.

                                              Diana Saldaña
                                              United States District Judge